**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LAWRENCE J. HOFFART and SANDRA M. HOFFART, | ) ) ) | NO. CV 12-10465-E |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER OF DISMISSAL** |
| WASHINGTON MUTUAL BANK, NATIONAL ASSOCIATION, a domestic corporation, | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Plaintiffs paid the filing fee and filed a Complaint on December 6, 2012. Plaintiffs have not filed any proof of service of the Summons and Complaint. By Minute Order filed April 10, 2013, the Court ordered Plaintiffs to show cause in writing, no later than April 30, 2013, why this action should not be dismissed for lack of prosecution and for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure. The Minute Order warned Plaintiffs that "[f]ailure to file a timely response to this Order may result in dismissal of the action." Nevertheless, Plaintiffs did not file any response to the Minute Order within the allotted time.

Under Rule 4(m) of the Federal Rules of Civil Procedure, the Court may dismiss an action without prejudice if the summons and complaint are not served on the defendant within 120 days after filing the complaint or within the time specified by the Court. <u>Efaw v. Williams</u>, 473 F.3d 1038, 1041 (9th Cir. 2007). Rule 4(m) requires a court to extend the time for service if a plaintiff shows good cause for the failure to serve. "At a minimum, 'good cause' means excusable neglect." <u>Bourdette v. Barnette</u>, 923 F.2d 754, 756 (9th Cir. 1991). Here, Plaintiffs have not shown good cause for their failure to effect timely service on the Defendant.

A court has "broad discretion" to extend the time for service under Rule 4(m), even absent a showing of good cause. <u>See</u> <u>Efaw v. Williams</u>, 473 F.3d at 1040-41; <u>see also</u> <u>United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.</u>, 366 F.3d 767, 773 (9th Cir. 2004) (Rule 4(m) gives courts "leeway to preserve meritorious lawsuits despite untimely service of process"). A court may consider various factors including prejudice to the defendant, actual notice, a possible limitations bar, and eventual service. <u>Efaw v. Williams</u>, 473 F.3d at 1041. Any such dismissal should be without prejudice. <u>See id.</u> at 772. In the present case, Plaintiffs' failure to comply with the Minute Order renders an evaluation of these factors somewhat speculative. There is no evidence that Defendant has actual notice of this action. The possible prejudice to the Defendant resulting from the delay is unknown, as is the impact of dismissal on a possible future limitations bar. There is no indication when, if ever, Plaintiffs eventually would effect service.

Service of the Summons and Complaint by the United States Marshals Service is not an appropriate option in the present case. The Court generally will order Marshals' service when a plaintiff, <u>in forma pauperis</u>, files a complaint that is not dismissed <u>sua sponte</u> under 28 U.S.C. § 1915(e)(2)(B). See Fed. R. Civ. P. 4(c)(3). Plaintiffs are not <u>in forma pauperis</u>. Rule 4(c)(3) grants the Court discretion to order Marshals' service of a non-IFP complaint "in certain limited circumstances as when a hostile defendant threatens injury to the process server." Wright and Miller, <u>Federal Practice and Procedure</u>, § 1090, p. 476 (3rd ed. 2002). Plaintiffs have not made any such showing.

In addition to dismissing this action for failure to effect timely service, the Court may dismiss this action for failure to prosecute. Neither Plaintiff filed a timely response, despite a Court Order that Plaintiffs do so. The Court has inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962).

For all of the foregoing reasons, it is ordered that this action is dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _____5/13_____, 2013.

_____
UNITED STATES DISTRICT JUDGE